UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LIAM ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-00005 (UNA) |
| ) | |
| ) | |
| ANN LONG, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter, brought *pro se*, is before the Court on its initial review of the Complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). It is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). To that end, "the citizenship of every party to the action must be distinctly alleged and cannot be established presumptively or by mere inference." *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55

1

(D.D.C. 2004). An "allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction." *Novak v. Cap. Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (internal quotation marks and citation omitted).

A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of Atlanta, Georgia, has sued a resident of Decatur, Georgia. *See* Compl. at 1-2. In the jurisdictional section of the form complaint, *id*. at 3, Plaintiff checks the federal question box and lists personal injury as the nature of suit. Plaintiff has not invoked the U.S. Constitution, federal law, or a U.S. treaty to establish federal question jurisdiction. Nor has he pleaded facts establishing diversity jurisdiction to prosecute the personal injury claim in federal court. Therefore, this action will be dismissed by separate order.

Date: February 7, 2023

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge